UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Randi Rowe, o/b/o R.M.F., a minor child,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.
_____/

Case No. 12-13563

Honorable Nancy G. Edmunds

**AMENDED ORDER**

On April 20, 2016 the parties filed a joint request to amend the Court's order issued September 10, 2013 and enter judgment accordingly. (Dkt. 24.) Having considered the matter, the Court hereby GRANTS the parties' request and amends the September 10, 2013 order (Dkt. 22) as follows[1]:

Plaintiff Randi Rowe, on behalf of her minor son,[2] has filed an objection to the magistrate judge's August 16, 2013 report and recommendation. (Dkt. 21.) The magistrate judge recommending denying Plaintiff's request for childhood supplemental security income. (Dkt. 20.) The magistrate judge recommended denying Plaintiff's request because Plaintiff had not demonstrated a marked limitation in the "attending and completing tasks" disability criteria because Plaintiff, as the ALJ had pointed out, had not been treated for or diagnosed with an impairment which could be reasonably expected to result in difficulties attending and completing tasks.

---

[1] As reflected below, the only substantive change to the Court's prior order is that the case is remanded pursuant to Sentence Four, not Sentence Six of 42 U.S.C. § 405(g).

[2] The Court refers to the minor son, this case's subject, as "Plaintiff."

Under the Social Security Act, a child is disabled if he "is not engaged in substantial gainful activity and has a medically determinable physical or mental impairment or combination of impairments that results in 'marked and severe functional limitations.'" *Title XVI: Determining Childhood Disability--The Functional Equivalence Domain of "Attending and Completing Tasks,"* Soc. Sec. R. 09-4p, 2009 WL 396033, at*1 (Feb. 18, 2009) (citation omitted). The SSA requires Defendant to evaluate the "whole child" when it makes a "finding regarding functional equivalence[.]" *Id.* Defendant is to "focus first on the child's activities, and evaluate how appropriately, effectively, and independently the child functions compared to children of the same age who do not have impairments." *Id.* (citation omitted). The SSA instructs Defendant to consider "what activities the child cannot do, has difficulty doing, needs help doing, or is restricted from doing because of the impairment(s)." *Id.* (citation omitted). Defendant then is to "evaluate the effects of a child's impairment(s) by rating the degree to which the impairment(s) limits function in six 'domains.'" *Id.* The six domains:

1. acquiring and using information;
2. attending and completing tasks;
3. interacting and relating with others;
4. moving about and manipulating objects;
5. caring for yourself; and
6. health and physical well-being.

*Id.* at *1-2 (citations omitted).

Here, the issue is whether the ALJ adequately discussed and rejected Plaintiff's contention that he had a marked limitation in attending and completing tasks.

2

For "attending and completing tasks," the SSA instructs Defendant to follow several guidelines. The SSA first instructs Defendant to "consider a child's ability to focus and maintain attention, and to begin, carry through, and finish activities or tasks[.]" 2009 WL 396033, at *2. Defendant then considers "the child's ability to initiate and maintain attention, including the child's alertness and ability to focus on an activity or task despite distractions, and to perform tasks at an appropriate pace." *Id*. Defendant also considers "the child's ability to change focus after completing a task and to avoid impulsive thinking and acting." *Id.* And Defendant finally is to "evaluate a child's ability to organize, plan ahead, prioritize competing tasks, and manage time." *Id*.

The ruling suggests that "[t]he need for frequent prompting demonstrates that the child is not paying attention as appropriately, effectively, or independently as children of the same age who do not have impairments. Despite the fact that the child is paying attention with prompting, this child is not functioning well in this domain." 2009 WL 396033, at *2.

The SSA explains that the domain of "attending and completing tasks" "covers only the mental aspects of task completion; such as the mental pace that a child can maintain to complete a task." 2009 WL 396033, at *2. The SSA ruling states that "attending and completing tasks" limitations are "most often seen in children with mental disorders." *Id*. But the ruling also explains that other impairments, such as physical impairments, can affect a child's mental ability to attend and to complete tasks. *Id.* at *3.

The ruling explains that, "[a]s with limitations in any domain, [the SSA does] not consider a limitation in the domain of '[a]ttending and completing tasks' unless it results from a medically determinable impairment(s)." 2009 WL 396033, at *3.

3

The ruling notes that "while it is common for all children to experience some difficulty attending and completing tasks from time to time, a child who has significant but unexplained problems in this domain may have an impairment(s) that was not alleged or has not yet been diagnosed. In such cases, adjudicators should pursue any indications that an impairment(s) may be present." 2009 WL 396033, at *3.

The ruling gives a frame of reference for ALJs considering whether a child is functionally typical for their age with respect to attending and completing tasks. For preschool children (aged three to six), the ruling lists the following considerations:

- pays attention when spoken to directly;
- sustains attention to play and learning activities;
- concentrates on activities like putting puzzles together or completing art projects;
- focuses long enough to complete many activities independently (for example, getting dressed, eating);
- takes turns and changes activities when told by a caregiver or teacher that it is time to do something else; and
- plays contentedly and independently without constant supervision.

2009 WL 396033, at *5.

The ruling also lists several examples of what could describe limitations:

- is easily startled, distracted, or overreactive to everyday sounds;
- is slow to focus on or fails to complete activities that interest the child;
- gives up easily on tasks that are within the child's capabilities;
- repeatedly becomes sidetracked from activities or frequently interrupts others;

- needs extra supervision to stay on task; and

- cannot plan, manage time, or organize self in order to complete assignments or chores.

2009 WL 396033, at *5-6.

Here, the ALJ stated:

> The claimant has no limitation in attending and completing tasks. Speech and language evaluators have noted the claimant's inattention and need for redirection[.] There is no evidence that the claimant's inattention and had been reported to any treating physician. The record does not reflect that the claimant has been treated for or diagnosed with an impairment which could be reasonably expected to result in difficulties attending to and completing tasks.

(AR at 32.)

The records to which the ALJ pointed included a 2007 Detroit Medical Hospital Children's Hospital of Michigan record. (AR at 156.) In this record, speech pathologist Linda Sysko recorded her observations of Plaintiff. (*Id.* at 157-58.) Sysko reported that Plaintiff "willingly engaged in play activities, but had limited attention and required frequent cueing in order to finish tasks." (AR at 156.) She added that "[h]e did not identify body parts, colors or familiar toys when attempting to retrieve pieces for the puzzle or blocks." (*Id.*) The ALJ also referenced a 2008 speech and language evaluation report that Kathi K. Martin filled out. (*Id.* at 166.) Martin stated that Plaintiff "was very distracted throughout the evaluation session and required frequent redirection and many incentives." (*Id.*) Martin did note, though, that she "believed that [Plaintiff's] scores were not effected [sic] by his distractibility because he appeared to be most distracted when the evaluation became too difficult." (*Id.* at 167.)

Plaintiff objects to the magistrate judge's report and recommendation because he

argues that the magistrate judge's "finding that the ALJ's finding that [Plaintiff] did not demonstrate marked limitations in attending and completing tasks glosses over the fact that the ALJ inappropriately required either treatment with or diagnosis by a physician to support a finding." (Pl.'s Objection at 2.)

Plaintiff argues that the fact that the ALJ premised his conclusion on the "lack of additional involvement by a physician," was error. (Pl.'s Objection at 3.) Plaintiff maintains that "[i]f the ALJ felt that a physician's opinion was required, he should then have obtained one." (*Id.*)

The Court agrees with Plaintiff. The ALJ appears to have inappropriately focused on the lack of a mental health diagnosis or treatment, and not on the relevant factors. Given the improper focus, the Court finds that it cannot conduct a meaningful judicial review. The Court therefore finds remand appropriate.

Social Security Ruling 09-4p states that ALJs "should pursue" indications that a child may have undiagnosed or unalleged impairments. Here, two separate records show that Plaintiff was easily distractible and had difficulty performing tasks. The ALJ conclusorily stated that Plaintiff did not have any limitation in attending and completing tasks. The Court cannot agree with that statement given Sysko and Martin's reports. Plaintiff may well have/have had an undiagnosed ADD or ADHD that caused a marked deficiency in attending and completing tasks. There is evidence in the record that suggests that he could have had that limitation. The ALJ therefore erred when he stated that Plaintiff had "no limitations" without explaining why he discredited the two opinions or explain why he did not pursue the indications of a possible impairment.

The Court therefore REJECTS the magistrate judge's report and recommendation and remands the case to the ALJ to discuss whether Plaintiff has a marked limitation in attending and completing tasks in light of this order and opinion and, if he finds necessary, pursue the indication that Plaintiff may have a medical impairment present that markedly impairs Plaintiff's ability to attend and complete tasks, or explain why such a pursuit is not appropriate.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court REJECTS the magistrate judge's report and recommendation, DENIES Defendant's motion for summary judgment, GRANTS IN PART Plaintiff's motion for summary judgment, and REMANDS this case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 19, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 19, 2016, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager